UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IVORY SUTTLE,

      Petitioner,

v.                                        Case No. 07-C-0609

BRIAN BRYTON,

      Respondent.

**RECOMMENDATION THAT PETITION FOR A WRIT OF HABEAS CORPUS BE DISMISSED**

On July 2, 2007, the petitioner, Ivory Suttle ("Suttle"), filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. According to Suttle's petition, a judgment of conviction for first degree intentional homicide while armed was entered against him in the Milwaukee County Circuit Court on April 16, 1996. In other words, Suttle was convicted over 10 years ago. Thus, Suttle's petition would suggest on its face that it is untimely under 28 U.S.C. § 2244(d)(1).

Habeas petitions challenging the petitioner's confinement pursuant to a state court conviction are subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute goes on to specify when the 1-year limitation period begins to run, and also provides that the period of limitations is tolled while certain state proceedings are pending.

The limitation period shall run from the latest of–

1

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

But there is another reason why Suttle's petition must be dismissed – it is a successive petition which Suttle has apparently not received permission to file from the Seventh Circuit Court of Appeals.

This is the fifth federal habeas petition that Suttle has filed. *See Suttle v. Wisconsin*, Case No. 04-C-0614 (E.D. Wis. July 6, 2004) (dismissed); *Suttle v. Bertrand*, Case No. 01-C-0344 (E.D. Wis. Dec. 9, 2002) (dismissed); *Suttle v. Bertrand*, Case No. 99-C-0638 (E.D. Wis. Oct. 7, 1999) (dismissed); *Suttle v. Kingston*, Case No. 05-C-0526 (E.D. Wis. May 19, 2005) (dismissed).

Title 28 U.S.C. § 2244(b)(3)(A) requires petitioners to obtain permission from the court of appeals before filing second or successive habeas corpus petitions in the district courts. To be sure, "[n]ot every petition counts for purposes of § 2244(b), so in some cases later petitions are not considered second or successive under § 2244(b) and can be filed without permission from the courts of appeals." *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). As the court stated in *Altman*,

> For purposes of § 2244(b), we do not count previous petitions that were dismissed for technical or procedural deficiencies that the petitioner can cure before refiling. For example, we do not count petitions dismissed because the petitioner filed in the wrong district, or failed to pay the filing fee. Likewise, we do not count petitions dismissed as premature. In these cases the petitioners are able to rectify the problems and then refile their petitions for a merits determination of the substantive claims.
>
> If, however, a petition is resolved in a way that satisfies a petitioner's one "full and fair opportunity to raise a [federal] collateral attack," then it does count for purposes of § 2244(b). So, petitions that have been denied on the merits, that the petitioner voluntarily dismisses in the face of an imminent loss, or that have been denied based on a procedural default, do count as prior petitions because the petitioner is incapable of curing the defect underlying the district court's judgment.

*Altman*, 337 F.3d at 766 (citations omitted). However, it does not appear that Suttle's prior petitions were dismissed for technical or procedural deficiencies. Thus, he is not a beneficiary of the "second or successive" petition exceptions set forth in *Altman*.

To reiterate, Title 28 U.S.C. § 2244(b)(3)(A) states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Without such authorization, this court lacks subject matter jurisdiction over Suttle's instant petition for writ of habeas corpus.

> The district court had no option other than to deny the petition. No matter how powerful a petitioner's showing, only this court may authorize the commencement of a second or successive petition. . . . From the district court's perspective, it is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.

*Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Given the foregoing, this court has no alternative other than to dismiss Suttle's petition for lack of subject-matter jurisdiction.[1]

---

[1] Suttle is invited to review the procedures set forth in 28 U.S.C. § 2244(b). Additionally, the petitioner is directed to Circuit Rule 22.2 for the United States Court of Appeals for the

3

**NOW THEREFORE IT IS RECOMMENDED** that Suttle's petition for a writ of habeas corpus be **DISMISSED**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) - (C), Federal Rule of Criminal Procedure 59(b)(2), and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of the date of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to object in accordance with the rules cited herein waives your right to review.

**SO ORDERED** this 3rd day of July 2007, at Milwaukee, Wisconsin.

> s/ William E. Callahan, Jr.
> WILLIAM E. CALLAHAN, JR.
> United States Magistrate Judge

---

Seventh Circuit, entitled "Successive Petitions for Collateral Review."